Kimberly S. HAM, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 70S01–0409–CR–00432.

Supreme Court of Indiana.

May 3, 2005.

Brady J. Lory, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Matthew D. Fisher, Deputy Attorneys General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

There is a division of authority in Indiana concerning whether it is proper to instruct a jury that it may consider a driver's refusal to submit to a chemical test as evidence of intoxication. We hold that lawyers may argue to jurors that this is so, and jurors may agree or disagree, but that courts should not so instruct.

## Facts and Procedural History

During routine patrol in Rushville on January 18, 2002, Officer Brad Hatfield spotted Kimberly Ham driving a car left of the centerline. He followed her, observed her drift left of center three more times, and then pulled her over. He noticed the smell of alcohol when he arrived at her vehicle. Ham fumbled through her purse for about forty-four seconds before producing her driver's license. Since Hatfield initially requested both her license and registration, he again asked for her registration, which she did hand him. She exited the vehicle and stumbled back towards it. Hatfield asked Ham to step away from the vehicle to separate her from the alcohol smell, but instead she nodded her head.

Ham failed the horizontal gaze nystagmus test, which tests the smoothness of the side-to-side movement of a person's eyes and is seventy-seven percent accurate. Hatfield noticed her glassy, bloodshot eyes and her slurred speech. She refused the walk-and-turn test and said she did not want to take any more field sobriety tests, claiming she had an inner ear infection. He read her the Implied Consent Law, and she refused to submit to a chemical breath test. He arrested Ham and transported her to the Rush County jail. At the jail, she again refused further sobriety tests. Hatfield explained that Ham's license would be suspended for a year if she did not take the chemical breath test, and she refused.

The State charged Ham with driving while intoxicated, a class A misdemeanor. At the jury trial on May 13, 2003, the trial court gave a final instruction to the effect that Ham's refusal to submit to a chemical breath test may be considered as evidence of her intoxication. The jury found her guilty of operating a vehicle while intoxicated, a class C misdemeanor. The Court of Appeals held the instruction erroneous, having "a significant potential to mislead the jury." *Ham v. State,* 810 N.E.2d 1150, 1154 (Ind.Ct.App.2004) *vacated.* It held the error to be harmless, though, and upheld the conviction. *Id.* at 1155.

## Jury Instruction Highlights Refusal

Indiana's implied consent laws require a person to "submit to each chemical test offered by a law enforcement officer" who has probable cause to believe that person operated a vehicle while intoxicated. Ind. Code Ann. § 9–30–6–2(a)(d) (West 2004). If that person refuses to submit to a chemical test, then the refusal is admissible into evidence in a subsequent proceeding for operating while intoxicated. Ind.Code Ann. § 9–30–6–3(b) (West 2004).

Ham's sole contention on appeal is that instruction number ten ("A [D]efendant's refusal to submit to a chemical test may be considered as evidence of intoxication") misleads the jury by unnecessarily emphasizing a specific piece of evidence. (Appellant's Br. at 4). Two panels of the Court of Appeals have agreed. *See Schmidt v. State,* 816 N.E.2d 925, 932–33 (Ind.Ct.App. 2004); *Stoltmann v. State,* 793 N.E.2d 275, 280 (Ind.Ct.App.2003) (error to instruct that refusal is evidence of guilt). Two other panels have held the opposite. *See Luckhart v. State,* 780 N.E.2d 1165, 1168–69 (Ind.Ct.App.2003) (instruction that refusal was evidence of guilt not error, but instruction probably should have used "intoxication" instead of "guilt"); *Hurt v. State,* 553 N.E.2d 1243, 1249 (Ind.Ct.App. 1990) (instruction that refusal was evidence of guilt not erroneous).

■ Instructing a jury is a matter assigned to trial court discretion, and an abuse of that discretion occurs when "the instructions as a whole, mislead the jury as to the law in the case." *Carter v. State,* 766 N.E.2d 377, 382 (Ind.2002). "Instruc-

tions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case have long been disapproved." *Ludy v. State,* 784 N.E.2d 459, 461 (Ind.2003) (citing *Fehlman v. State,* 199 Ind. 746, 755, 161 N.E. 8, 11 (1928)).

■ We first observe that Indiana Code § 9–30–6–3 only says that a refusal is admissible into evidence, not that it is evidence of intoxication. Judge Baker was correct to say that "such evidence is probative only to explain to the jury why there were no chemical test results." *Ham,* 810 N.E.2d at 1154.

Secondly, Hatfield testified about his entire encounter with Ham from the moment he first spotted her until he booked her in jail, but his testimony about her refusal to submit to a chemical test was the only part of his testimony the court highlighted in the instruction. Whether a defendant's refusal to submit to a chemical test is evidence of intoxication or merely that the defendant refused to take the test is for the lawyers to argue and the jury to decide. An instruction from the bench one way or the other misleads the jury by unnecessarily emphasizing one evidentiary fact. *See, e.g. Dill v. State,* 741 N.E.2d 1230, 1232–33 (Ind.2001) ("[A]lthough evidence of flight may, under appropriate circumstances, be relevant, admissible, and a proper subject for counsel's closing argument, it does not follow that a trial court should give a discrete instruction highlighting such evidence.")

The contrary holdings of *Luckhart,* 780 N.E.2d at 1168–69, and *Hurt,* 553 N.E.2d at 1249, are disapproved.

### Conclusion

■ While the instruction was erroneous, the Court of Appeals was correct that the error was harmless in light of the evidence the State produced of Ham's guilt. *Ham,* 810 N.E.2d at 1155. Ind.

Appellate Rule 58(A). We affirm the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.