**John Henry RAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 27A05–0508–CR–471.

Court of Appeals of Indiana.

May 10, 2006.

Transfer Denied July 6, 2006.

Craig Persinger, Marion, for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MATHIAS, Judge.

John Henry Ray ("Ray") was convicted in Grant Superior Court of Class B felony unlawful possession of a firearm by a serious violent felon ("SVF").[1] He appeals and argues that the trial court abused its

---

1. Ind.Code § 35–47–4–5 (2004).

discretion when it instructed the jury that Ray had a prior robbery conviction. Concluding that the error in the instruction was harmless, we affirm.

### Facts and Procedural History

At 1:00 a.m. on July 11, 2004, Lieutenant Kevin Pauley ("Lieutenant Pauley") of the Grant County Sheriff's Office observed two individuals riding on a motor scooter on State Road 9 near Marion, Indiana. Due to a report of mailbox vandalism in the area, Lieutenant Pauley began to follow the motor scooter. After the motor scooter came to a stop at the end of a dead end road, the passenger of the scooter, Ray, jumped off and ran into the woods. Lieutenant Pauley found Ray lying down on the ground approximately thirty feet from the road. Another officer searched the area where Ray was found and discovered a loaded semi-automatic pistol. Tr. pp. 132–34.

On July 12, 2004, Ray was charged with Class B felony unlawful possession of a firearm by an SVF. The charging information alleged that Ray had a prior Class C felony robbery conviction. Appellant's App. p. 9. Prior to trial, Ray offered to stipulate that he "has previously been convicted of a felony enumerated under Indiana Code 35–47–4–5." Appellant's App. p. 54. He also tendered proposed jury instructions utilizing the same language. The trial court refused Ray's stipulation and instructions, and instructed the jury that Ray had a prior robbery conviction.

A jury trial commenced on March 7, 2005. Ray was found guilty as charged. On April 11, 2005, the trial court ordered Ray to serve fifteen years executed for the Class B felony unlawful possession of a firearm by an SVF conviction. Ray now appeals. Additional facts will be provided as necessary.

### Standard of Review

■■■■ Ray argues that the trial court abused its discretion by refusing to give to the jury his proposed instructions on the offense of unlawful possession of a firearm by an SVF. "The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Overstreet v. State*, 783 N.E.2d 1140, 1163 (Ind.2003). "Instruction of the jury is generally within the discretion of the trial court and is reviewed only for an abuse of that discretion." *Id.* at 1163–64. When we review a trial court's decision to give or refuse tendered jury instructions, our court considers: "(1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions which are given." *Guyton v. State*, 771 N.E.2d 1141, 1144 (Ind. 2002).

### Discussion and Decision

Ray tendered the following instructions on the charge of unlawful possession of a firearm by an SVF.[2]

Proposed Preliminary Jury
Instruction No. 1

This is a criminal case brought by the State of Indiana against [Ray]. The defendant, [Ray], is charged with Count I: unlawful possession of a firearm by an individual with a prior felony conviction

---

**2.** Indiana Code section 35–47–4–5(c) provides: "A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony." Robbery is defined as a "serious violent felony" in that statute.

enumerated under Indiana Code 35–47–4–5, a Class B felony[.]

#### Proposed Preliminary Jury Instruction No. 2

The Crime of Unlawful Possession of a Firearm by a person who previously Committed a Felony enumerated under I.C. 35–47–4–5 is defined as follows:

A person with a previous felony conviction under I.C. 35–47–4–5 who knowingly or intentionally possesses a firearm commits the Crime of Unlawful Possession of a Firearm by a person who previously Committed a Felony enumerated under I.C. 35–47–4–5, a Class B felony. In order to prove this crime, the State must prove that on or about June 11, 2004, in Grant County, State of Indiana [Ray]:

(1) knowingly or intentionally;

(2) possessed a firearm;

(3) and at the time he possessed the firearm he had a qualifying prior felony conviction under I.C. 35–47–4–5.

The State must prove each element of this charge beyond a reasonable doubt.

Appellant's App. pp. 57–58. Ray also proposed the following stipulation: Ray "has previously been convicted of a felony enumerated under Indiana Code 35–47–4–5. The parties further stipulate that the State has met its burden of proof, based upon this stipulation, regarding the element that [Ray] has a previous felony conviction enumerated under I.C. 35–47–4–5." Appellant's App. p. 54.

The trial court rejected Ray's proposed instructions and the following instruction was tendered to the jury:

#### Preliminary Instruction No. 2

The statute defining the crime charged is, in part, as follows: 35–47–4–5—Unlawful Possession of a Firearm by a Person Who Previously Committed a Felony Enumerated Under I.C. 35–47–4–5(b).

[ ] (A person who has previously been convicted of robbery) who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm, a Class B felony.

Appellant's App. p. 71. In its final instruction on the elements of the offense, the trial court instructed the jury that a defendant who knowingly or intentionally possesses a firearm "after the defendant had been convicted of the Indiana offense of robbery, which the court instructs you is an offense enumerated under I.C. 35–47–4–5" commits the offense of "possession of a firearm in violation of I.C. 35–47–4–5, a Class B felony." Appellant's App. p. 90. In addition, in response to the trial court's ruling on the instruction issue, Ray entered into a stipulation with the State that was submitted to the jury, which stated, in part, that Ray "has previously been convicted of Robbery, a felony enumerated under Indiana Code 35–47–4–5." Ex. Vol., Joint Ex. 2.

■ Initially, we observe, "evidence of prior convictions is generally inadmissible because such evidence 'has no tendency to establish the guilt or innocence of the accused.'" *Bayes v. State,* 779 N.E.2d 77, 82 (Ind.Ct.App.2002), *trans. denied* (quoting *Spearman v. State,* 744 N.E.2d 545, 547 (Ind.Ct.App.2001), *trans. denied*). "The only effect of such evidence during the determination of guilt or innocence is to 'prejudice or mislead or excite the minds and inflame the passions of the jury.'" *Spearman,* 744 N.E.2d at 547 (quoting *Shelton v. State,* 602 N.E.2d 1017, 1019 (Ind.1992)). *See also,* Ind. Evidence Rule 403 (2006) ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.").

■ Ray contends that "allowing the jury to know of Ray's prior robbery conviction . . . was unduly prejudicial to Ray and denied him a fair trial." Br. of Appellant at 4. In support of this argument, Ray relies on *Spearman*. In that case, Spearman appealed his unlawful possession of a firearm by an SVF conviction arguing that his due process rights were violated because the trial court did not conduct bifurcated proceedings. Therefore, Spearman's prior felony conviction for criminal confinement was introduced to the jury during trial. *Spearman*, 744 N.E.2d at 546–47. We rejected Spearman's argument because the "legal status of the offender is an essential element of the crime . . . [and] the jury cannot determine if the defendant committed an illegal act without hearing such evidence." *Id.* at 548.

However, in reaching that conclusion, our court observed:

> [W]hile we hold that the element of the prior felony cannot be bifurcated from the possession element in a prosecution under [Indiana Code section] 35–47–4–5, we are at the same time mindful of the prejudice that may arise in a jury trial when a defendant is identified and repeatedly referred to as a "serious violent felon." We urge trial courts to be attentive to this potential for prejudice and to exercise their discretion in crafting instructions and referring to the prior felony in ways which minimize the potential for such prejudice.

*Id.* at 550. In a footnote, our court suggested, "trial courts may determine to reference the predicate felony as one 'enumerated under [Indiana Code section] 35–47–4–5' rather than as a 'serious violent felony.' " [3] *Id.* at 550 n. 8.

In *Williams v. State*, 834 N.E.2d 225, 227 (Ind.Ct.App.2005), our court approved of the trial court's decision to bifurcate Williams's trial for unlawful possession of a firearm by an SVF. We stated, "[a]lthough current precedent does not require trial courts to bifurcate SVF trials, we believe that the bifurcation procedure serves the ends of justice in such trials and urge our state's trial judges to use this procedure in SVF cases." *Id.*

Our court's opinion in *Sams v. State*, 688 N.E.2d 1323 (Ind.Ct.App.1997), *trans. denied*, is also instructive. Sams was

---

**3.** Judge Darden dissented concluding that "bifurcation is practical and should be required when a defendant is charged with knowingly or intentionally possessing a firearm as a serious violent felon[.]" *Id.* at 554 (Darden, J. dissenting). Judge Darden was particularly concerned with the "repetitive and pervasive use of the label 'serious violent felon' throughout" Spearman's trial and stated, "under the circumstances, he was denied the ability to present a defense or maintain his innocence." *Id.*

Judge Barnes also expressed his concern with the "phrasing of the serious violent felon statute" in his concurring opinion in *Imel v. State*, 830 N.E.2d 913, 920 (Ind.Ct.App.2005), *trans. denied* (Barnes, J. concurring) ("What bothers me is what I perceive to be the strong possibility that as we now charge and try these sorts of cases, the fundamental tenet of our American system of criminal law—innocent until proven guilty—is, in my view, seriously challenged. In this respect, I agree with many of the points raised by Judge Darden in the dissent he authored in *Spearman*."). Judge Barnes observed:

> By repeatedly referring to the defendant as a serious violent felon, beginning with voir dire and continuing through the trial, arguments of counsel and jury instructions, it certainly is readily conceivable that a jury may give the State the benefit of the doubt on the question of possession because the defendant is clearly a "bad guy," rather than giving the defendant the benefit of the doubt as is constitutionally required.

*Id.*

charged with and convicted of operating a motor vehicle after his driving privileges were forfeited for life. *Id.* at 1323. Before and during trial, Sams offered to stipulate to the fact that his license had been suspended for life arguing that admission of his entire driving record would be highly prejudicial because it consisted of many serious offenses. *Id.* at 1324–25. The State refused to accept the stipulation and Sams's entire driving record was introduced into evidence. *Id.* at 1325.

On appeal, Sams argued that the admission of his driving record was error given his offer to stipulate to the lifetime suspension of his driver's license. *Id.* citing *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), our court noted that although "the prosecution is entitled to prove its case by evidence of its own choice, . . . this general rule has virtually no applicability where the point at issue is a defendant's legal status that is independent of criminal behavior later charged against him." [4] *Sams*, 688 N.E.2d at 1325 (citing *Old Chief*, 519 U.S. at 190–91, 117 S.Ct. 644).

> Given [the] peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support

conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.

*Id.* at 1326 (quoting *Old Chief*, 519 U.S. at 191–92, 117 S.Ct. 644).

Accordingly, our court concluded, "in light of the Supreme Court's recent opinion in *Old Chief*, we are persuaded that the trial court abused its discretion in admitting into evidence Sams's entire motor vehicle driving record instead of allowing Sams to admit that his license was suspended for life." *Id.* However, our court also concluded that the error was harmless, and therefore, Sams's conviction was affirmed. *Id.*

Here, although Ray offered to stipulate that he had "previously been convicted of a felony enumerated under Indiana Code 35–47–4–5" and tendered jury instructions utilizing that same language, the trial court determined that it was necessary to instruct the jury that Ray had a prior robbery conviction. Specifically, the trial court stated, "I think without the word robbery in there the jury is going to wonder, . . . what exactly it is he did in the past, in fact, that's going to cause a great deal of confusion, in my opinion." Tr. pp. 57–58. In *Old Chief*, the Supreme Court addressed a similar argument stating, "[p]roving status without telling exactly why that status was imposed leaves no gap in the story of a defendant's subsequent criminality, and its demonstration by stipulation or admission neither displaces a chapter from a continuous sequence of conventional evidence nor comes across as an officious substitution, to confuse or of-

---

4. In *Old Chief*, the defendant was charged with violating a federal statute prohibiting the possession of a firearm by anyone with a prior felony conviction, and the defendant offered to stipulate to the prior conviction element of that offense. *Id.* at 174–75.

fend or provoke reproach." 519 U.S. at 191, 117 S.Ct. 644.

Given the potentially prejudicial effect of informing the jury of Ray's prior robbery conviction, we conclude that the trial court abused its discretion in instructing the jury. As Judge Darden stated in his dissent in *Spearman*, "[e]ven if precautions are taken to lessen the impact of the evidence [of a prior conviction], *any* evidence of a previous conviction that does not bear upon the accused's guilt in the new proceeding is unnecessary and may taint the proceeding." *Spearman*, 744 N.E.2d at 553 (Darden, J. dissenting) (emphasis in original).

However, we conclude that the error in the trial court's instructions was harmless. "Errors in the giving or refusing of instructions are harmless where a conviction is clearly sustained by the evidence and the instruction would not likely have impacted the jury's verdict." *Randolph v. State*, 802 N.E.2d 1008, 1013 (Ind. Ct.App.2004), *trans. denied*. An instructional error will result in reversal when we cannot say with complete confidence that a reasonable jury would have rendered a guilty verdict had the instruction been given. *Id.*

Importantly, the references to Ray's prior robbery conviction were limited at trial. Aside from the jury instructions and stipulation, the State mentioned Ray's prior robbery conviction only twice, once in its opening statement and once in its closing argument. Also, the trial court did not allow the State to use the label "serious violent felon" in Ray's trial. Moreover, in addition to testifying to the facts of a robbery he committed in Indiana, Ray testified to the facts of a robbery he committed in Kansas. *See* Tr. pp. 234–36, 257. Finally, Ray does not challenge the sufficiency of the evidence in this appeal. Accordingly, we conclude that the error in

the court's instructions was harmless, and therefore, Ray's conviction for unlawful possession of a firearm by an SVF is affirmed.

Affirmed.

ROBB, J., and VAIDIK, J., concur.