


FILED
Apr 04 2025, 8:50 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

James J. Harroll,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

April 4, 2025

Court of Appeals Case No.
24A-CR-1327

Appeal from the Knox Superior Court

The Honorable Brian M. Johnson, Judge

Trial Court Cause No.
42C01-2208-F4-21

---

**Opinion by Judge Kenworthy**
Judges Mathias concurs.
Judge Brown dissents with a separate opinion.

**Kenworthy, Judge.**

## Case Summary

[1] A jury found James Harroll guilty of Count 1, Level 4 felony child molesting;[1] and Count 2, Level 1 felony child molesting.[2] Harroll appeals his convictions, raising two issues: (1) Did the trial court err in instructing the jury? and (2) Does sufficient evidence support his conviction of Count 2? We affirm.

## Facts and Procedural History

[2] J.H. is the daughter of Heath and Jessica. Heath and Harroll are brothers; their mother, Annett, lives in a two-bedroom home and Harroll stays with her sometimes. In August 2022, nine-year-old J.H. and her younger brother spent the night at Annett's house. Harroll was also there. The next morning, J.H. and Harroll were sitting next to each other on the living room couch watching a movie. J.H. was cold and put a blue blanket over both her and Harroll. As Jessica explained, Harroll had been around the children on a regular basis and had babysat for them a couple of times before. Up to this point, they all "g[o]t along great." *Tr. Vol. 4* at 40. J.H. expressed she "trusted [Harroll] at the moment." *Id.* at 70.

---

[1] Ind. Code § 35-42-4-3(b) (2022).

[2] I.C. § 35-42-4-3(a).

[3] J.H. was wearing a dress with shorts underneath. She said Harroll "put his fingers, like, up my shorts, underneath my dress, and then touched my lady parts." *Id.* at 62. J.H. circled on a diagram where Harroll touched her and explained he touched her skin, making "circle motions." *Id.* at 64; *see Ex. Vol. 1* at 7. "It wasn't a long time, but it wasn't a short time. It was probably like ten minutes maybe, maybe a little bit less. Maybe six minutes or something." *Tr. Vol. 4* at 65. While it was happening, Harroll whispered in J.H.'s ear, told her not to tell anybody, and asked, "[D]id it feel good?" *Id.* at 66. J.H. excused herself to go to the bathroom "[t]o get away" because she "didn't like it." *Id.* at 66–67.

[4] When J.H. got home from the sleepover, she told her mom what happened, and Jessica called the police. J.H. was interviewed by a detective and then went to the hospital for an examination that same day.

[5] Shelby Goodman, a sexual assault nurse examiner, examined J.H. Goodman took external and internal genital swabs during the exam. The swabs were submitted to the Indiana State Police Laboratory but there was an "insufficient quantity of male DNA to do any further analysis." *Id.* at 121. During the exam, while another nurse was "holding traction" on J.H.'s labia majora, Goodman observed an abrasion on the upper left internal area of J.H.'s labia majora. *Id.* at 89; *see also id.* at 92 (explaining when the labia majora are closed, that is the external sex organ, but when the labia majora are held open, as the other nurse was doing when Goodman observed the abrasion, "this is internal"). Goodman testified the abrasion was "not normal findings on a . . .

child's genital area." *Id.* at 90. She could not say what caused the abrasion but agreed it could be consistent with an injury caused by a fingernail.

[6] The State charged Harroll with one count of child molesting for fondling or touching and one count of child molesting for other sexual conduct. At Harroll's jury trial, Angela Morris, a forensic nurse examiner, explained the female sex organ:

> [Defense]: So what I'm trying to visualize based on your testimony is where does the external sex – part of the sex organ, where does it end?
>
> A: At the labia majora. . . . [W]hen the lips are together, labia majora are the outer lips. So when you're pulling the labia majora open, everything that you see inside . . . that's essentially all internal sex organ.
>
> [Defense]: And when your legs are together, what?
>
> A: Then you've got the labia majora essentially closed on top. So it's – it's like a fat pad for protection from that pubic bone and all of those internal structures.

*Id.* at 156.

[7] After the presentation of evidence, the trial court and the parties discussed the final instructions. The State proposed the following instruction: "Any sexual penetration, however slight, is sufficient to complete the crime of child molesting, if the other elements are proved." *Appellant's App. Vol. 2* at 75. Harroll objected:

> I think [the instruction] overemphasizes one of the elements over the other elements. I think if it comes through the instruction by the Court that the jury . . . may misinterpret this instruction that the Court might agree with some of the disputed facts in this case. . . . If the Court does decide to allow the instruction, then I would request that the however slight be removed because I think that is too prejudicial. It says any sexual penetration, any, and then adding however slight, I think that would be prejudicial to my client worded in that way.

*Tr. Vol. 5* at 79–80. The State responded, "[T]he language including however slight is, I believe, directly taken from the case law." *Id.* at 80. The Court allowed the instruction as written, explaining:

> . . . [I]n looking at jury instructions, the purpose of them is to inform the jury of the law applicable to the facts without misleading the jury and to help them comprehend the case.
>
> When we look at appellate courts and reviews, it's whether the tendered instruction correctly states the law, and I will find that this does correctly state the law. Whether there is evidence in the record to support giving the instruction, I think we talked about this quite a bit. And then also whether the substance of the instruction is covered by other instructions, and I don't think this substance is and I think this would help the jury and I think it's a correct statement of the law.

*Id.* at 80–81.

[8] The jury found Harroll guilty as charged. The trial court sentenced him to concurrent terms of thirty-seven years executed in the Indiana Department of Correction for Count 2 and ten years for Count 1.

## The trial court did not abuse its discretion in instructing the jury.

[9] We review a trial court's decision to give or refuse a jury instruction for abuse of discretion. *Hernandez v. State*, 45 N.E.3d 373, 376 (Ind. 2015). We consider whether the instruction correctly states the law, is supported by the evidence, and is covered in substance by the other jury instructions. *McCowan v. State*, 27 N.E.3d 760, 763–64 (Ind. 2015). We consider the instructions "as a whole and in reference to each other" and reverse only if "the instructions as a whole mislead the jury as to the law in the case." *Helsley v. State*, 809 N.E.2d 292, 303 (Ind. 2004) (quotation omitted).

[10] Harroll was charged with Level 1 felony child molesting for knowingly or intentionally performing or submitting to other sexual conduct. *See Appellant's App. Vol. 2* at 55. "Other sexual conduct" is defined by statute as "an act involving . . . the penetration of the sex organ or anus of a person by an object." I.C. § 35-31.5-2-221.5(2) (2014). Over Harroll's objection, the trial court instructed the jury that "[a]ny sexual penetration, however slight, is sufficient to complete the crime of child molesting, if the other elements are proved." *Tr. Vol. 5* at 86. Harroll objected to the instruction as a whole and alternatively "to the way the particular instruction is worded with adding however slight." *Id.* at 82. He argues on appeal the instruction as given unfairly emphasized one piece of evidence.

[11] "The purpose of a jury instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case

clearly and arrive at a just, fair, and correct verdict." *Dill v. State*, 741 N.E.2d 1230, 1232 (Ind. 2001) (quotation omitted). Under the Indiana Constitution, "it [is] the province of the jury to determine the weight to be given . . . each item placed in evidence." *Keller v. State*, 47 N.E.3d 1205, 1208 (Ind. 2016) (alterations in original) (quoting *Woodson v. State*, 542 N.E.2d 1331, 1334 (Ind. 1989)). Accordingly, Indiana courts have disapproved instructions that "unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case[.]" *Ludy v. State*, 784 N.E.2d 459, 460–61 (Ind. 2003).

[12] Harroll argues "it is high time this particular instruction is included in the list of those that improperly emphasize one piece of evidence to the exclusion of all other evidence." *Appellant's Br.* at 13; *see*, *e.g.*, *Ham v. State*, 826 N.E.2d 640, 641–42 (Ind. 2005) (disapproving instruction stating, "A [D]efendant's refusal to submit to a chemical test may be considered as evidence of intoxication" in part because it "unnecessarily emphasiz[ed] one evidentiary fact"); *Ludy*, 784 N.E.2d at 460–61 (finding error in an instruction stating, "A conviction may be based solely on the uncorroborated testimony of the alleged victim" because it "unfairly focuse[d] the jury's attention on and highlight[ed] a single witness's testimony"); *Dill*, 741 N.E.2d at 1232 (disapproving instruction that a defendant's flight, although not proof of guilt, could be considered as evidence of consciousness of guilt). Harroll argues the instruction in his case "focuse[d] the jury's attention on that slight abrasion to the exclusion of [J.H.'s] testimony that says nothing about touching her inside the labia." *Appellant's Br.* at 13.

And he contends the phrase "however slight" is "a description that goes exclusively to the weight of the evidence." *Id.*

[13] To the extent Harroll challenges the instruction as improperly derived from appellate case law addressing sufficiency of evidence as in the cases cited above, it is true the "mere fact that certain language or expression [is] used in the opinions of this Court to reach its final conclusion does not make it proper language for instructions to a jury." *Ludy*, 784 N.E.2d at 462 (quotation omitted); *see Appellant's Br.* at 11. It is also true "there is no blanket prohibition against using such language in jury instructions." *Marks v. State*, 864 N.E.2d 408, 411 (Ind. Ct. App. 2007). And the instruction challenged here has been acknowledged and approved by the Supreme Court. In *Ives v. State*, the Indiana Supreme Court held there was no error in giving an instruction that provided: "You are instructed that any sexual penetration, however slight, is sufficient to complete the crime of rape, if the other elements are proved. . . ." 418 N.E.2d 220, 224 (Ind. 1981); *see also Espenlaub v. State*, 2 N.E.2d 979, 981 (Ind. 1936) (instructing the jury that "the slightest penetration only need be proved" in a rape prosecution correctly tells the jury "what proof is necessary upon a particular point").

[14] Harroll was charged with child molesting by other sexual conduct. "Penetration" is part of the definition of "other sexual conduct," but there is no statutory definition of penetration. *See* I.C. § 35-31.5-2-221.5. Nor is there a pattern jury instruction on penetration. The instruction given by the trial court did not emphasize any particular fact or evidence; rather, it helped the jury

understand the law applicable to the facts. *Cf. Ham*, 826 N.E.2d at 641 (jury instruction improperly highlighted fact defendant refused to take chemical test). Moreover, the phrase "however slight" refers to the degree of penetration, not the amount of evidence required to prove penetration.

[15] The instruction is a correct statement of the law, there is evidence in the record to support giving the instruction, and its substance was not covered by any other instruction. The jury instructions also told the jury it had the right to determine the law and the facts; provided the elements of the offense; informed the jury about reasonable doubt; and told the jury it must consider all the evidence presented and was the exclusive judge of the evidence. *See Tr. Vol. 5* at 84–88. Taken together, the instructions did not mislead the jury. The trial court did not abuse its discretion in instructing the jury.

## Sufficient evidence supports Harroll's conviction.

[16] A sufficiency-of-the-evidence claim warrants a "deferential standard of review in which we 'neither reweigh the evidence nor judge witness credibility[.]'" *Hancz-Barron v. State*, 235 N.E.3d 1237, 1244 (Ind. 2024) (quoting *Brantley v. State*, 91 N.E.3d 566, 570 (Ind. 2018), *cert. denied*). Instead, we respect the fact-finder's exclusive province to weigh conflicting evidence, *Phipps v. State*, 90 N.E.3d 1190, 1195 (Ind. 2018), and consider only the probative evidence and reasonable inferences that support the judgment of the trier of fact, *Hall v. State*, 177 N.E.3d 1183, 1191 (Ind. 2021). We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a

reasonable doubt. *Teising v. State*, 226 N.E.3d 780, 783 (Ind. 2024). It is "not necessary that the evidence 'overcome every reasonable hypothesis of innocence.'" *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016) (quoting *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995)).

[17] To convict Harroll of Level 1 felony child molesting, the State had to prove he was at least twenty-one years old and knowingly or intentionally performed an act involving the penetration of the sex organ of J.H., a child under the age of fourteen, by an object. *See* I.C. §§ 35-42-4-3(a); 35-31.5-2-221.5(2). A finger is an "object" in this context. *Carranza v. State*, 184 N.E.3d 712, 715 (Ind. Ct. App. 2022). "[P]roof of the slightest penetration of the sex organ, including penetration of the external genitalia, is sufficient to demonstrate a person performed other sexual []conduct with a child." *Boggs v. State*, 104 N.E.3d 1287, 1289 (Ind. 2018). Penetration is a question of fact to be determined by the jury. *Williams v. State*, 478 N.E.2d 47, 49 (Ind. 1985).

[18] Harroll argues the State failed to prove he penetrated J.H.'s sexual organ with his finger and therefore failed to prove he committed Level 1 felony child molesting. Specifically, Harroll claims J.H. "never offered any testimony to suggest any kind of penetration, even slight penetration." *Appellant's Br.* at 8. He further claims that although the State presented evidence of an abrasion

"just inside of the external labia," there was no evidence of when or how J.H. received the abrasion. *Id.*[3]

[19] J.H. testified Harroll touched her skin underneath her shorts by moving his fingers in a circular motion on her "lady parts." *Tr. Vol. 4* at 58. She marked the genital area on a diagram to identify where he touched her. The same day the incident occurred, J.H. was examined by nurse Goodman, who found an interior abrasion that was "not normal . . . on a . . . child's genital area." *Id.* at 90. The abrasion was visible when the labia majora were spread and was consistent with an injury caused by a fingernail. And forensic nurse Morris testified "anything that goes beyond the labial plane" is the internal sex organ. *Id.* at 150. In other words, "Coming down into the labia majora, those are going to be what most people know as the outer lips. Those are . . . external sex organs. When we look at spreading the labia majora, we are able to see the other structures. This is considered internal sex organ." *Id.* at 149.

[20] J.H. did not give a detailed anatomical description of Harroll's acts, but such a description is unnecessary and undesirable for two reasons. First, "many people are not able to articulate the precise anatomical features that were or were not penetrated." *Spurlock v. State*, 675 N.E.2d 312, 315 (Ind. 1996). And

---

[3] Harroll also contends the State "effectively admitted in its closing argument that it had no proof of penetration," highlighting selected statements. *Id.* at 9. As the State points out, the selected statements are taken out of context. *See Appellee's Br.* at 11–12. To the extent closing arguments are relevant to a sufficiency analysis (and Harroll cites no law supporting that assertion), the State's comments here do not amount to a concession of failure of proof.

second, "to require such detailed descriptions would subject victims to unwarranted questioning and cross-examination regarding the details and extent of penetration." *Id*. Put simply, "any penetration is enough" if the fact-finder hears evidence from which it could find the defendant guilty beyond a reasonable doubt. *Id*.

A reasonable inference from J.H.'s testimony—coupled with Morris' description of where the external sex organ ends and the internal sex organ begins and evidence of an internal abrasion—is that Harroll's fingers, moving in a circular motion, broke the "labial plane" and penetrated J.H.'s sex organ causing the abrasion. There was sufficient evidence of probative value from which a jury reasonably could find the elements of Level 1 child molesting proven beyond a reasonable doubt.

## Conclusion

The trial court did not abuse its discretion in instructing the jury, and sufficient evidence supports Harroll's conviction of Level 1 felony child molesting.

Affirmed.

Mathias, J., concurs.
Brown, J., dissents with a separate opinion.

ATTORNEY FOR APPELLANT

Gregory Bowes
Greg Bowes Legal Services, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

**Brown, Judge, dissenting.**

I respectfully dissent from the majority's decision affirming Harroll's conviction for the level 1 felony. To convict Harroll of child molesting as a level 1 felony, the State was required to prove beyond a reasonable doubt that he engaged in "other sexual conduct" with J.H. Ind. Code § 35-42-4-3(a). "Other sexual conduct" means "an act involving . . . the penetration of the sex organ . . . of a person by an object." Ind. Code § 35-31.5-2-221.5(2).

J.H. testified that Harroll "put his fingers, like, up my shorts, underneath my dress, and then touched my lady parts." Transcript Volume 4 at 62. In reference to two areas on an exhibit circled by J.H., the prosecutor asked "[h]e touched you on your skin . . . in those places," and J.H. replied "[y]es." *Id.* at 64. When asked "[w]hat part of [his] body was he using to touch you with," J.H. testified "[h]is hands." *Id.* The prosecutor then stated: "Can you tell us what he was doing with his hands or show us? . . . So the circles that you're making on that flat thing in front of you at the window [sic] stand, that's what he was doing with his fingers?" *Id.* J.H. replied affirmatively. The prosecutor did not question J.H. about penetration. Clearly, nothing in J.H.'s testimony suggests that penetration occurred. As for the abrasion, the prosecutor asked Nurse Goodman "I assume you don't know what caused that abrasion," and Nurse Goodman replied "[c]orrect." *Id.* at 90. The prosecutor then asked: "Is that abrasion consistent, though, with say a fingernail?" *Id.* Nurse Goodman said "[y]es." *Id.* This testimony, even coupled with J.H.'s testimony, does not imply—let alone establish beyond a reasonable doubt—that Harroll's fingers

"broke the 'labial plane' and penetrated J.H.'s sex organ" as the majority states. Slip op. at 12. While "the slightest penetration of the sex organ, including penetration of the external genitalia," is sufficient to show other sexual conduct, *Boggs v. State*, 104 N.E.3d 1287, 1289 (Ind. 2018), the evidence here does not establish even slight penetration. I would reverse Harroll's conviction for child molesting as a level 1 felony. *See Austin v. State*, 201 N.E.3d 1184, 1185 (Ind. Ct. App. 2022) ("The only evidence the State points to in support of the convictions is H.A.'s testimony that Austin used his 'whole hand' to rub 'up and down' on the 'outside' of her 'private part' and that it made her feel 'tingly.' While 'the slightest penetration of the sex organ, including penetration of the external genitalia, is sufficient' to prove 'other sexual conduct,' the evidence here doesn't establish even 'slight' penetration.") (citations omitted).

[26] For these reasons, I respectfully dissent and would reverse the judgment of conviction for the level 1 felony and remand for vacation of the sentence on Count II.