Stephan P. SMITH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 53S00–9402–CR–170.

Supreme Court of Indiana.

June 15, 1994.

David A. Collins, Bloomington, for appellant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

After a trial by jury, appellant Stephan Smith was convicted of attempted criminal deviate conduct, a class A felony, Ind.Code §§ 35–42–4–2, 35–41–5–1 (West 1986); two counts of criminal confinement, class B felonies, Ind.Code § 35–42–3–3 (West Supp. 1993); and of being an habitual offender, Ind.Code § 35–50–2–8 (West Supp.1993). On appeal Smith raises the following issues:

1. Whether he received ineffective assistance of counsel;

2. Whether the evidence was sufficient to support the conviction of attempted criminal deviate conduct;

3. Whether the trial court erred by denying Smith's motion for judgment on the evidence based upon abandonment; and

4. Whether the seventy-four-year sentence was disproportionate.

We affirm.

The evidence most favorable to the verdict showed that on October 2, 1991, M.B. and J.G. skipped their 9:30 a.m. class at Bloomington High School South. They went to buy sodas outside of a nearby liquor store. Smith approached the boys, asked about their absence from school, and demanded some identification. He had a gun and a badge on his hip and told the boys he was a police officer. The boys started to walk back to school, but Smith honked his car horn and told them he would drive them back. When the boys refused the ride, Smith stepped out of the car, showed them his handcuffs, and threatened to use the handcuffs to escort them to school. The boys then entered the car.

Smith explained that he needed to get his squad car first, and he drove them to a wooded area in Greene County. Smith handcuffed M.B. to a tree. Smith then ordered J.G. to exit the car. Smith held J.G.'s arm behind his back and shoved him into the woods. Smith asked whether J.G. "ever had sex with a boy" and commanded him to disrobe. When J.G. refused, Smith placed his gun to J.G.'s throat and again told him to remove his clothes. J.G. still refused. Smith was startled by the sound of a branch snapping, which was M.B. breaking free from the tree. Smith then took J.G. back to the car and drove him to State Highway 37, where he released him. Meanwhile, M.B. ran to a nearby home and called the police.

The State charged Smith with attempted criminal deviate conduct and four counts of criminal confinement. On the day of trial, Smith moved to dismiss his hired counsel because of his lack of pretrial preparation. After conducting a hearing on the matter, the trial court determined that Smith's counsel was prepared for trial and rejected Smith's motion. The jury found Smith guilty on all five counts and determined that he was an habitual offender. The trial court sentenced Smith to thirty-two years for deviate conduct and added thirty years for the habitual offender finding. It sentenced Smith to twelve years on each criminal confinement

conviction. Finding merger of two of the confinement convictions, the court ordered one of the remaining confinement sentences served concurrent to the attempt sentence and the other twelve-year confinement sentence to be served consecutively. Thus, Smith's principal sentences extend to seventy-four years.

### I. Effective Assistance of Counsel

■ First, Smith assails his counsel's representation, claiming that he was ineffective because he failed to 1) take depositions, 2) offer material evidence, and 3) consult with him more than twice. Smith asserts that his counsel's inactions collectively constitute ineffective assistance. To succeed on appeal, Smith must demonstrate both deficient performance by his counsel and resulting prejudice from errors so serious as to deprive him of a trial in which the result is reliable. *Davis v. State* (1992), Ind., 598 N.E.2d 1041, *cert. denied*, ── U.S. ──, 114 S.Ct. 392, 126 L.Ed.2d 340 (1993).

Smith has not presented any purported evidence his attorney failed to offer at trial, and he has not demonstrated that his attorney's failure to depose the victims prejudiced him. At trial, Smith told the court that he did not have any witnesses or evidence to offer in addition to those of the State. In response to the court's questioning, Smith indicated that the State's witnesses and evidence were all he thought the jury needed to consider. Similarly, Smith does not attempt to explain how the absence of additional consultation with counsel was harmful. Although Smith's counsel met with him only twice in person, the two had numerous telephone conversations. Because Smith fails to indicate how his defense would have been improved through further pretrial preparation, he has not satisfied his burden. *See Lawson v. State* (1993), Ind.App., 619 N.E.2d 964.

Instead, Smith accuses his counsel of failing to prepare more thoroughly because Smith did not pay him fully for his services. Smith's counsel admitted that he did not spend all of his time on Smith's case because of the lack of payments, but he further stated that he spent the time necessary to acquaint himself with the case and was ready to represent Smith the morning of trial. During the trial, Smith's counsel cross-examined the witnesses, made appropriate objections to the State's evidence, moved for judgment on the evidence on the attempt charge arguing abandonment, and obtained a final jury instruction on abandonment. Smith has not overcome the presumption of effective assistance of counsel.

### II. Sufficiency of the Evidence

■ Smith challenges the sufficiency of the evidence for his conviction of attempted criminal deviate conduct. Reviewing a sufficiency claim, we neither reweigh the evidence nor judge the credibility of witnesses. *Johnson v. State* (1980), 272 Ind. 547, 400 N.E.2d 132. We consider only that evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom to determine whether a reasonable juror could have found the existence of each of the elements of the crime charged beyond a reasonable doubt. *Id.*

Smith contends the State failed to show he engaged in acts that constituted a substantial step towards committing criminal deviate conduct. Smith also declares that the State did not prove specific intent since he did not expose himself or verbalize a desire to engage in sexual intercourse.

The State bears the burden of proving that Smith acted with the culpability required to commit criminal deviate conduct when he engaged in conduct that was a substantial step toward its commission. *See* Ind.Code § 35–41–5–1 (West 1986); *Canaan v. State* (1989), Ind., 541 N.E.2d 894, *cert. denied*, 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 185 (1990). Specifically, the State must show that Smith intentionally or knowingly engaged in conduct that was a substantial step towards causing J.G. to perform or submit to deviate sexual conduct compelled by force or threat of imminent force. *See* I.C. 35–42–4–2 and 35–41–1–9(1).

J.G. testified that Smith asked whether J.G. had ever had sex with a boy. Smith then ordered J.G. to take off his clothes and threatened him with a handgun. A reason-

able jury could infer from Smith's question to J.G. that he intended to engage in criminal deviate conduct and that his command for J.G. to disrobe while armed with a handgun constituted a substantial step toward committing criminal deviate conduct. This evidence sufficiently supports the conviction.

### III. Abandonment

 Smith next contends that the trial court should have granted his motion for judgment on the evidence concerning the charge of attempted criminal deviate conduct, because he abandoned his effort to commit the crime. Judgment on the evidence will be granted only if there is a total absence of evidence on an element of the offense or the evidence is without conflict and susceptible of only one inference which is in favor of the defendant. *Lowery v. State* (1989), Ind., 547 N.E.2d 1046, *cert. denied*, 498 U.S. 881, 111 S.Ct. 217, 112 L.Ed.2d 176 (1990).

 Indiana Code § 35–41–3–10 makes abandonment a legal defense to several inchoate crimes including conspiracy and attempt. *Land v. State* (1984), Ind., 470 N.E.2d 697. Where attempt is at issue, an accused will be relieved of criminal responsibility if, subsequent to taking a substantial step towards committing a crime but prior to its consummation, he voluntarily abandoned his efforts. *Sheckles v. State* (1986), Ind., 501 N.E.2d 1053. To be considered voluntary, the decision to abandon must originate with the accused and not be the product of extrinsic factors that increase the probability of detection or make more difficult the accomplishment of the criminal purpose. *See Norton v. State* (1980), 273 Ind. 635, 408 N.E.2d 514; *Peak v. State* (1988), Ind.App., 520 N.E.2d 465.

The State need not disprove the defense of abandonment unless and until there is support for the defense in the evidence. Then it must disprove the defense beyond a reasonable doubt.[1] Here, Smith contends that his release of J.G. unharmed shows a genuine

change of heart and desertion of criminal purpose. J.G. testified, however, that Smith twice commanded him to remove his clothes, held a handgun to his throat to force compliance, and stopped only after he was startled by the sound of M.B. breaking free. This supports the inference that Smith stopped his attack because he feared M.B. had escaped. This evidence was sufficient to overcome defendant's abandonment defense, and Smith's motion for judgment on the evidence was properly denied.

### IV. Constitutionality of Sentence

 Lastly, Smith argues that his seventy-four-year sentence contravenes the Eighth Amendment to the United States Constitution. He relies on *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), claiming that his sentence is so disproportionate that it constitutes cruel and unusual punishment. His claim does not begin to call into question the "narrow proportionality principle" that applies to non-capital cases under the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 997, 111 S.Ct. 2680, 2702, 115 L.Ed.2d 836 (1991) (concurring in part and concurring in judgment). His sentence, therefore, does not violate the U.S. Constitution.

 The Indiana Constitution, in contrast to the federal charter, demands that penal sanctions be proportionate to the nature of the offense. Ind. Const. art. I, § 16. Viewing a disproportionality claim concerning an habitual offender enhancement, we inquire into both the nature and gravity of the instant crime and the nature of the predicate felonies. *Best v. State* (1991), Ind., 566 N.E.2d 1027; *see also Conner v. State* (1993), Ind., 626 N.E.2d 803.

Smith's principle instant offense, attempted criminal deviate conduct, is classified among the most serious criminal offenses, carrying a presumptive thirty-year sentence. The trial court noted as aggravating circumstances the age of the victims, the use of a

---

1. *See* Model Penal Code § 5.01 explanatory note at 350–51 (A.L.I.1985); *cf.* Ind.Code Ann. § 35–41–4–1 (West 1986) (listing only one defense, insanity, on which defendant bears the burden of proof); *Harrington v. State* (1987), Ind., 516 N.E.2d 65 (state has burden of negating presence of sudden heat beyond reasonable doubt).

firearm, Smith's impersonation of an officer, and the failure of past rehabilitative efforts. On these grounds, he added but two years to the standard sentence and ordered one confinement sentence served consecutively.

Applying the second step of the disproportionality test, we observe that the predicate felonies supporting the habitual offender enhancement are burglary and battery, both class C felonies. Smith characterizes his prior felonies as minor ones. Although the class C felonies are not as serious as the present convictions, we do not perceive them as minor offenses. Under Ind.Code § 35–50–2–8(e), the habitual offender enhancement cannot be less than the presumptive sentence for the underlying offense—here, thirty years for attempted criminal deviate conduct. Thus, the trial court was required to impose a thirty-year habitual offender enhancement.

Given the seriousness of the present crime, the solid predicate felonies, and the aggravating circumstances, we cannot say that the trial court violated Article I, § 16.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.