David S. GRAVENS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 01A02–0501–CR–69.

Court of Appeals of Indiana.

Nov. 3, 2005.

Transfer Denied Jan. 26, 2006.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

David Gravens appeals his conviction for Attempted Robbery. Specifically, Gravens argues that the trial court's jury instruction on the defense of abandonment is erroneous and that the evidence is not sufficient to support the jury's finding that Gravens did not voluntarily abandon the attempted robbery. Because the case law language added to the pattern jury instruction is necessary to fully inform the jury of the law applicable to the facts and it neither emphasizes a particular evidentiary fact nor states an appellate standard of review, and because there is evidence that Gravens abandoned the attempted robbery as the result of extrinsic circumstances, we affirm.

### Facts and Procedural History

Gravens entered the Fifth Third Banking Center in Decatur, Indiana, and walked up to teller Amber Whitman's window. Whitman asked Gravens how she could help him, and Gravens pulled a piece of paper out of his pocket and slid it across the top of the counter. On the top of the piece of paper was printed the following demand: "Give me money from 2 TELLERS." Tr. p. 191–92. Whitman immediately began to feel nervous and "started getting butterflies in [her] stomach." *Id.* at 192. There was also writing on the bottom of the piece of paper that Whitman was unable to read. As such, Whitman turned the piece of paper around and said to Gravens, in a voice "a little louder" than

what she would normally use with a customer, "I can't read this. Can you tell me what you want?" *Id.* at 194, 206. When Whitman questioned him, Gravens became "fluster[ed]" and held up two fingers. *Id.* at 194. Gravens then picked up the note, looked at it, mumbled some words, and finally walked out of the bank.

The State charged Gravens with Attempted Robbery as a Class C felony[1] and filed its Notice of Intent to Seek Habitual Offender Status.[2] Gravens then filed his Notice of Affirmative Defense, stating that one of his defenses at trial would be Abandonment.[3] At trial, Gravens tendered Instruction No. 10.17 of the Indiana Pattern Jury Instructions—Criminal ("Pattern Instruction 10.17"), on abandonment. The State objected to instructing the jury on the defense of abandonment. In the alternative, the State tendered its own proposed instruction on abandonment. Gravens objected to the State's proposed instruction, and the trial court overruled the objection. The court gave the jury the State's proposed instruction on abandonment as Preliminary Instruction No. 9 and Final Instruction No. 8 ("the instruction").

The jury found Gravens guilty as charged, and Gravens pled guilty to being a habitual offender. The trial court sentenced Gravens to a term of four years in prison on the attempted robbery conviction and enhanced the sentence by eight years based on the habitual offender finding, for a total executed sentence of twelve years. Gravens now appeals.

### Discussion and Decision

Gravens argues that the trial court abused its discretion by giving the instruc-

---

1. Ind.Code § 35–42–5–1(2); Ind.Code § 35–41–5–1.

2. Ind.Code § 35–50–2–8.

3. Ind.Code § 35–41–3–10.

tion on the defense of abandonment because the instruction is erroneous and therefore prejudiced his substantial rights. Gravens also asserts that there is not sufficient evidence to support the jury's finding that his abandonment of his attempt to rob the bank was not voluntary.

### I. Jury Instruction on Abandonment

■■■ Gravens first contends that the trial court abused its discretion by adopting the abandonment instruction proposed by the State rather than instructing the jury in accordance with the pattern instruction that he proposed. "The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Overstreet v. State*, 783 N.E.2d 1140, 1163 (Ind. 2003), *cert. denied*, 540 U.S. 1150, 124 S.Ct. 1145, 157 L.Ed.2d 1044 (2004). "Instruction of the jury is generally within the discretion of the trial court and is reviewed only for an abuse of that discretion." *Id.* at 1163–64. "In reviewing a trial court's decision to give or refuse tendered jury instructions," this Court "considers: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions which are given." *Guyton v. State*, 771 N.E.2d 1141, 1144 (Ind. 2002).

Gravens submitted the following proposed instruction on the issue of abandonment:

> It is an issue whether the Defendant abandoned his effort to commit the crime charged.
>
> It is a defense to a charge of attempted Robbery that the Defendant voluntarily abandoned his effort to commit the Robbery and voluntarily prevented its commission.
>
> The State has the burden of disproving this defense beyond a reasonable doubt.

This proposed instruction tracks the language of Pattern Instruction 10.17.

The State also tendered its own proposed instruction on the issue of abandonment. The State's tendered instruction was identical to Gravens', with the following additional clause ("Paragraph Three") inserted between the second and third sentences of Pattern Instruction 10.17:

> To be considered voluntary, the Defendant's decision to abandon must originate with the Defendant and must in no way be attributable to the influence of extrinsic circumstances. To be considered voluntary, the Defendant's decision to abandon can not be the product of extrinsic factors that increase the probability of detection or make more difficult the accomplishment of the criminal purpose or because of unanticipated difficulties in carrying out the criminal plan at the precise time and place intended.

This additional language is based largely on decisions of the Indiana Supreme Court. *See Smith v. State*, 636 N.E.2d 124, 127 (Ind.1994); *Barnes v. State*, 269 Ind. 76, 378 N.E.2d 839, 843 (1978). The trial court gave the instruction proposed by the State, and the jury rejected Gravens' abandonment defense when it found him guilty of attempted robbery.

■■■ As a preliminary matter, we must note that the preferred practice is to use the pattern jury instructions. *See Cochrane v. Lovett*, 166 Ind.App. 684, 337 N.E.2d 565, 570 n. 6 (1975) (noting that the Indiana Pattern Jury Instructions have the "apparent approval of the Indiana Supreme Court as evidenced by the preferred treatment given such instructions in [Indiana Rule of Trial Procedure 51(E) ]");

*see also Byrd v. State,* 579 N.E.2d 457, 463 n. 7 (Ind.Ct.App.1991) (stating that "the preferred instruction on voluntary intoxication may be found" in the Indiana Pattern Jury Instructions). Furthermore, the mere fact that certain language or expressions are used in the opinions of Indiana's appellate courts does not make it proper language for instructions to a jury. *Ludy v. State,* 784 N.E.2d 459, 462 (Ind.2003). Having said that, "there is no blanket prohibition against the use of appellate decision language" in jury instructions. *Hurt v. State,* 553 N.E.2d 1243, 1249 (Ind.Ct. App.1990), *overruled on other grounds by Ham v. State,* 826 N.E.2d 640 (Ind.2005); *see also Legue v. State,* 688 N.E.2d 408, 411 (Ind.1997); *Brook v. St. John's Hickey Mem'l Hosp.,* 269 Ind. 270, 380 N.E.2d 72, 76 (1978).

Gravens makes two arguments as to why it was improper for Paragraph Three to be included in the instruction. First, Gravens contends that Paragraph Three is an "impermissible judicial comment" on particular evidence or types of evidence that intimates the weight the jury must give to that evidence. Appellant's Br. p. 8. Second, Gravens argues that Paragraph Three expresses an appellate standard of review that is irrelevant to the jury's role as finder of fact under Article I, § 19 of the Indiana Constitution. The State responds that Paragraph Three was necessary to the abandonment instruction because without it, the jury would have been left with the mistaken impression that abandonment caused by extrinsic factors is sufficient to establish the defense of voluntary abandonment. We agree with the State.

We first address Gravens' argument that Paragraph Three is an "impermissible judicial comment" that "unnecessarily emphasiz[es] certain evidentiary facts and instruct[s] the jury what inference it was

required to draw from those facts." *Id.* at 17. Oddly, Gravens does not say which evidentiary fact or facts he believes the instruction as given "unnecessarily emphasized," and he simply directs us to the Indiana Supreme Court's recent decision in *Ham v. State,* 826 N.E.2d 640 (Ind. 2005). In *Ham,* the defendant was pulled over for suspicion of drunk driving and refused to submit to a chemical breath test. At trial, the court gave the following instruction: "A defendant's refusal to submit to a chemical test may be considered as evidence of intoxication." On appeal, the Court first noted that "[i]nstructions that unnecessarily emphasize one particular evidentiary fact, witness, or phase of the case have long been disapproved." *Id.* at 641. The court then held that the instruction was erroneous, stating:

> Whether a defendant's refusal to submit to a chemical test is evidence of intoxication or merely that the defendant refused to take the test is for the lawyers to argue and the jury to decide. An instruction from the bench one way or the other misleads the jury by unnecessarily emphasizing one evidentiary fact.

*Id.* at 642.

As in *Ham,* Indiana courts have struck down other instructions that improperly emphasize one evidentiary fact. *See Ludy v. State,* 784 N.E.2d 459 (Ind.2003) (finding error in instruction that focused on the testimony of alleged victim); *Dill v. State,* 741 N.E.2d 1230, 1232–33 (Ind.2001) (striking down instruction that emphasized defendant's flight after commission of a crime); *Perry v. State,* 541 N.E.2d 913, 917 (Ind.1989) (affirming trial court's refusal of instruction that singled out an informer's testimony). The instruction in this case, on the other hand, does not emphasize any particular piece of evidence. Rather, Paragraph Three informs the jury of what it means for abandonment to be

"voluntary," as interpreted by the Indiana appellate courts. *See Smith,* 636 N.E.2d at 127; *Barnes,* 378 N.E.2d at 843; *Patterson v. State,* 729 N.E.2d 1035, 1041 (Ind. Ct.App.2000); *Estep v. State,* 716 N.E.2d 986, 987 (Ind.Ct.App.1999).

■ In a variation on the same argument, Gravens, borrowing from *Ham,* contends that "whether certain facts demonstrate that a defendant's decision to abandon an attempt to commit a crime is or isn't voluntary 'is for the lawyers to argue and the jury to decide,' but not for a court to so instruct." Appellant's Br. p. 17; *see also Ham,* 826 N.E.2d at 642. We agree that whether a defendant's abandonment of a criminal effort is voluntary is a question of fact for the jury to decide. *See* Ind. Const. art. I, § 19 ("In all criminal cases whatever, the jury shall have the right to determine the law and the facts."). However, whether abandonment caused by extrinsic factors is voluntary for purposes of the abandonment statute is a question of law that has been answered by the Indiana appellate courts. *See Barnes,* 378 N.E.2d at 843 ("For an abandonment to be considered voluntary, it must *in no way* be attributable to the influence of extrinsic circumstances.") (emphasis added).

It is well-established that while the jury is to determine both the law and the facts in criminal cases, the trial court's instructions are the best source of the law, and in determining the law, jurors are required to stay within the law as it exists. *Malone v. State,* 660 N.E.2d 619, 632 (Ind.Ct.App. 1996), *overruled on other grounds by Winegeart v. State,* 665 N.E.2d 893 (Ind.1996); *see also Johnson v. State,* 518 N.E.2d 1073, 1076 (Ind.1988) (holding that instruction stating that "[t]he instructions of the court are the best sources as to the law applicable to this case[ ]" is a correct statement of law). The trial court did not improperly emphasize any particular evidentiary fact or facts when it instructed the jury on the meaning of "voluntary."

Next, Gravens argues that Paragraph Three "expresses an appellate level of review of the evidence, and therefore, isn't the proper subject of an instruction to the jury, which isn't reviewing a conviction." Appellant's Br. p. 15. To support this assertion, Gravens relies on *Ludy v. State,* 784 N.E.2d 459 (Ind.2003). In *Ludy,* the defendant was charged with a variety of crimes, and the trial court gave the following instruction:

> A conviction may be based solely on the uncorroborated testimony of the alleged victim if such testimony establishes each element of any crime charged beyond a reasonable doubt.

*Id.* at 460. Our Supreme Court held that the instruction presents a concept used in appellate review that is irrelevant to a jury's function as fact-finder. *Id.* at 461.

The Court explained that in reviewing appellate claims that the evidence is insufficient to support a conviction, Indiana appellate opinions frequently observe that a conviction may rest upon the uncorroborated testimony of the victim. *Id.* The Court continued, however,

> A trial court jury is not reviewing whether a conviction is supported. It is determining in the first instance whether the State proved beyond a reasonable doubt that a defendant committed a charged crime.

*Id.* (citations omitted). Furthermore, the Court warned that "[t]he mere fact that certain language or expression[s][are] used in the opinions of this Court to reach its final conclusion does not make it proper language for instructions to a jury." *Id.* at 462 (citations omitted).

The instruction challenged in this case is distinguishable from the one given in

*Ludy.* The trial court in *Ludy* in essence informed the jury that if it convicted the defendant based only on the testimony of the alleged victim, that conviction would likely be upheld on appeal. The instruction related to the appellate review of the sufficiency of the evidence presented at trial. *Id.* at 461. Here, the challenged instruction was meant, in the words of *Ludy,* to aid the jury in "determining in the first instance whether the State proved beyond a reasonable doubt that a defendant committed a charged crime." *Id.*

■■■ The instruction first informs the jury that it may acquit the defendant if it finds that he voluntarily abandoned his criminal effort, then goes on to explain what is meant by "voluntarily." As the State points out, abandonment caused by extrinsic circumstances "is, in some sense, voluntary." Appellee's Br. p. 4. However, the word "voluntarily," as used in the abandonment statute, has been given a specific interpretation by Indiana appellate courts; that is, abandonment is not "voluntary" if it is the product of extrinsic circumstances. *Barnes v. State,* 269 Ind. 76, 378 N.E.2d 839, 843 (1978); *Babin v. State,* 609 N.E.2d 3, 5 (Ind.Ct.App.1993), *reh'g denied.* Therefore, we agree with the State that the addition of Paragraph Three to the standard language of Pattern Instruction 10.17 was necessary to fully inform the jury as to the meaning of the word "voluntary." Where it is necessary to eliminate an ambiguity found in a certain rule of law or legal term of art, trial courts may properly use extracts from appellate court opinions in order to supplement the pattern jury instruction. This

principle is consistent with the purpose behind jury instructions, which is "to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Overstreet,* 783 N.E.2d at 1163.[4]

Finally, we apply the three-part test used in reviewing a trial court's decision to give a tendered instruction. *Guyton,* 771 N.E.2d at 1144. First, the instruction correctly states the law. *Id.* Gravens concedes, "There is no doubt or question that the language which Gravens objected to . . . is a generally correct statement of the law in Indiana." Appellant's Br. p. 14. Second, there is evidence in the record to support the giving of the instruction. *Guyton,* 771 N.E.2d at 1144. The fact that Gravens left the bank before getting any money is undisputed, and there was testimony to suggest that Gravens' abandonment may have been the product of extrinsic factors, *e.g.,* Whitman's question. Third and finally, the substance of the instruction is not covered by other instructions that were given. *Id.* The trial court did not abuse its discretion in giving the instruction.

## II. Sufficiency of the Evidence

■■■ Next, Gravens argues that the State failed to prove beyond a reasonable doubt that he did not voluntarily abandon his attempt to rob the bank. If there is support in the evidence for the defense of abandonment, the burden is on the State to disprove the defense beyond a reasonable doubt. *Smith,* 636 N.E.2d at 127. The State does not dispute that there is

---

4. The State did not respond to Gravens' "appellate level of review" argument in its Appellee's Brief. "An appellee's failure to respond to an issue raised by an appellant is akin to failure to file a brief." *Newman v. State,* 719 N.E.2d 832, 838 (Ind.Ct.App.1999), *trans. denied.* As such, Gravens need only establish that the lower court committed prima facie error to win reversal on this issue. *See id.* Prima facie means at first sight, on first appearance, or on the face of it. *Id.* As outlined above, Gravens has failed to meet this standard.

support in the evidence for the defense of abandonment, but it argues that it carried its burden of *disproving* the defense by *proving* that Gravens' abandonment was not voluntary, as required by statute. Ind. Code § 35–41–3–10.

 This is basically a question of the sufficiency of the evidence. When reviewing a challenge to the sufficiency of evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* We will uphold the conviction if there is substantial evidence of probative value to support it. *Id.*

 Gravens correctly asserts that "[t]he only disputed issue is whether a reasonable inference can be drawn from the evidence that Gravens didn't voluntarily abandon his attempt to rob the bank." Appellant's Br. p. 21. As the instruction at issue above states, "[t]o be considered voluntary, the decision to abandon must originate with the accused and not be the product of extrinsic factors that increase the probability of detection or make more difficult the accomplishment of the criminal purpose." *Smith*, 636 N.E.2d at 127. Stated differently, abandonment is not voluntary if it is the result of "unanticipated difficulties in carrying out the criminal plan." *Barnes*, 378 N.E.2d at 843 (quoting W. LaFave & A. Scott, *Criminal Law* 448 (1972)).

Here, the State proved that Gravens' abandonment was not voluntary. First, there is no evidence that Gravens had any intention of leaving the bank before Whitman questioned him about his note. Second, Whitman testified that when she spoke to Gravens, she "tried to talk a little louder" than she usually does with customers "so that [the other teller] might take notice." Tr. p. 206. It was reasonable for the jury to infer that Whitman's conduct increased the probability of detection or made more difficult the accomplishment of Gravens' criminal purpose. *See Smith*, 636 N.E.2d at 127. Third, Whitman testified that Gravens became "fluster[ed]" and left the bank right after she asked him about the note. This testimony supports the inference that Gravens abandoned his criminal plan as a result of the "unanticipated difficulty" of Whitman's questioning. *See Barnes*, 378 N.E.2d at 843.

In a related argument, Gravens contends that to the extent that Whitman's question is an "extrinsic factor," "the probability of detection or difficulty in accomplishing the robbery, under this set of circumstances, was increased so infinitesimally by it as to be inconsequential to the question of whether Gravens' decision to abandon his robbery attempt was voluntary." Appellant's Reply Br. p. 6. Gravens' argument is an invitation for us to reweigh the evidence, which we may not do. *Jones*, 783 N.E.2d at 1139.

Because there is sufficient evidence in this case to support the jury's finding that Gravens' decision to abandon the attempted robbery did not originate with him but instead was the product of extrinsic factors, we affirm his conviction.

Judgment affirmed.

SULLIVAN, J., and FRIEDLANDER, J., concur.