## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 24 2018, 6:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Morton, | April 24, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1708-CR-1738 |
| v. | Appeal from the Marion Superior Court |
| State of Indiana, | The Honorable Lisa F. Borges, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49G04-1605-F1-19983 |

**Bailey, Judge.**

# Case Summary

[1] Anthony Morton ("Morton") appeals his convictions for attempted murder, a Level 1 felony,[1] and arson, as a Level 2 felony.[2] The sole issue he raises on appeal is whether the trial court committed fundamental error when it instructed the jury.

[2] We affirm.

# Facts and Procedural History

[3] On May 25, 2016, the State charged Morton with attempted murder, a Level 1 felony, and two counts of arson resulting in serious bodily, a Level 2 felony. On March 14, 2017, the State filed an additional information charging that Morton was a habitual offender.[3]

[4] Morton was tried by jury on June 5 and 6, 2017. The trial court gave the jury preliminary instructions regarding, among other things, their duty as jurors, including refraining from use of electronics and independent research during the trial (instruction number 1); the procedure to follow if they have personal knowledge of the case (instruction number 2); and juror questions and the procedure for asking them (instruction number 11). Appellant's Appendix Vol.

---

[1] Ind. Code § 35-42-1-1 (2016); I.C. § 35-41-5-1(a).

[2] I.C. § 35-43-1-1(a).

[3] I.C. § 35-50-2-8.

II at 142-44, 158.  In addition, the trial court gave the jury preliminary instructions regarding the burden of proof and reasonable doubt (instruction number 7), and the credibility of witnesses and weighing evidence (instruction number 8).  *Id*. at 154-55.

[5]     At the conclusion of the trial, the trial court gave the jury two final instructions admonishing them to consider the instructions—preliminary and final—as a whole (instruction numbers 13 and 14).  *Id*. at 161-62.  In addition, the trial court once again gave the instruction regarding burden of proof and reasonable doubt (instruction number 21).  *Id*. at 169.

[6]     No alternate jurors were directed to serve, and the jury found Morton guilty of attempted murder and one count of arson as a Level 2 felony.  The jury found Morton not guilty of the second count of arson.  Morton admitted to the allegation that he is a habitual offender.  On July 13, 2017, the trial court sentenced Morton to forty years for attempted murder, enhanced by twenty years pursuant to the habitual offender adjudication, and to six years for arson as a Level 2 felony.  This appeal ensued.

# Discussion and Decision

[7]     Morton contends that the trial court erred in instructing the jury.

> Because instructing the jury is a matter within the sound
> discretion of the trial court, we will reverse a trial court's decision
> to tender or reject a jury instruction only if there is an abuse of
> that discretion.  *Washington v. State*, 997 N.E.2d 342, 345 (Ind.

2013). We determine whether the instruction states the law correctly, whether it is supported by record evidence, and whether its substance is covered by other instructions. *Id*. at 345-46. "Jury instructions are to be considered as a whole and in reference to each other; error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case." *Whitney v. State*, 750 N.E.2d 342, 344 (Ind. 2001) (quoting *Edgecomb v. State*, 673 N.E.2d 1185, 1196 (Ind. 1996)).

*Pattison v. State*, 54 N.E.3d 361, 365 (Ind. 2016).

[8] At trial, Morton did not object to either the preliminary or final jury instructions.

> Where … the defendant failed to preserve an alleged instructional defect, the objection is waived, and reversal is warranted only in instances of fundamental error. *Wright v. State*, 730 N.E.2d 713, 716 (Ind. 2000). "Error is fundamental if it is 'a substantial blatant violation of basic principles' and where, if not corrected, it would deny a defendant fundamental due process." *Id*. (quoting *Brown v. State*, 691 N.E.2d 438, 444 (Ind. 1998)). This exception to the general rule requiring a contemporaneous objection is narrow, providing relief only in "egregious circumstances" that made a fair trial impossible. *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013).

*Id*.; *see also Rosales v. State*, 23 N.E.3d 8, 15 (Ind. 2015) ("[T]he mere possibility of prejudice … from the inaccurate instruction does not justify reversal of [a] conviction without a showing that [the defendant] incurred actual prejudice."). When determining whether a defendant suffered a due process violation based on an incorrect jury instruction,

we look to the erroneous instruction not in isolation, but in the context of all relevant information given to the jury, including other instructions. We find no due process violation where all such information, considered as a whole, does not mislead the jury as to a correct understanding of the law.

*Dickenson v. State*, 835 N.E.2d 542, 549 (Ind. Ct. App. 2005) (citations omitted), *trans. denied*.

[9] Morton maintains that the trial court committed fundamental error by giving insufficient instructions in preliminary instruction numbers 1 (regarding the duty of jurors), 2 (regarding the personal knowledge of a juror), and 11 (regarding juror questions and procedure). He also contends that the trial court fundamentally erred when it failed to repeat preliminary instruction number 8 (regarding credibility of witnesses and weighing evidence) in the final instructions.

[10] The purpose of jury instructions "is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict." *Overstreet v. State*, 783 N.E.2d 1140, 1163 (Ind. 2003). As an initial matter, we note that all of the instructions Morton challenges, with the exception of final instruction number

13, are, verbatim, the Indiana Pattern Criminal Jury Instructions.[4]  As our Supreme Court has noted,

> The Indiana Pattern Jury Instructions are prepared under the auspices of the Indiana Judges Association in conjunction with the Indiana Judicial Conference Criminal and Civil Instruction Committees.  Although they are not formally approved for use, they are tacitly recognized by Indiana Trial Rule 51(E).
> *Halliburton v. State*, 1 N.E.3d 670, 684 n. 9 (Ind. 2013).

*Campbell v. State*, 19 N.E.3d 271, 275 n.3 (Ind. 2014).  Thus, we have held that it is the "preferred practice" for trial courts to use the pattern jury instructions.  *Gravens v. State*, 836 N.E.2d 490, 493 (Ind. Ct. App. 2005) (noting the pattern instructions have the "apparent approval of the Indiana Supreme Court as evidenced by the preferred treatment given such instructions in [Indiana Rule of Trial Procedure 51(E)]"), *trans. denied*.

[11]  Preliminary jury instruction number 1, which recites verbatim the pattern instruction regarding the use of electronic devices and the prohibition against doing independent investigation and research, is an accurate statement of the law and, as such, we cannot say that it in any way misled the jury.  Contrary to Morton's assertion, the instruction adequately advises the jury members that

---

[4]  Preliminary instruction number 1 is Indiana Pattern Criminal Jury Instruction ("pattern instruction") number 1.0100; preliminary instruction number 2 is pattern instruction number 1.2700; preliminary instruction number 7 is pattern instruction number 1.1500; preliminary instruction number 8 is pattern instruction number 1.1700; and preliminary instruction number 11 is pattern instruction number 1.2200.  Vol. 1, Indiana Judges Association, Indiana Pattern Jury Instructions—Criminal, 4th Ed., Sections 1.0100; 1.1500; 1.1700; 1.2200; and 1.2700 (2017).  Final instruction number 14 is pattern instruction number 13.0100.  *Id.*, Vol. 2, Sec. 13.0100.

they may not use electronic devices or conduct their own research until their service as jurors is complete. Morton has failed to show that the giving of this instruction was fundamental error.

[12]   Preliminary instruction number 11 is a verbatim recitation of the pattern instruction regarding juror questions and the process for asking such questions. Yet, Morton contends the instruction fails to adequately inform alternate jurors that they, too, may ask questions. We disagree. This instruction—like all the instructions—was read to all the jurors, including the alternates, and Morton has articulated no reason why alternate jurors would believe this specific instruction did not apply to them, while all other instructions did. Instruction number 11 is an accurate statement of the law and, as such, we cannot say that it in any way misled the jury, including the alternates.

[13]   Instruction number 2 is a verbatim recitation of the pattern instruction regarding personal knowledge of the jurors. As Morton points out, the instruction does not include "the personal knowledge procedure under [Jury] Rule 24[,]" as required by Jury Rule 20(a)(5).[5] However, while instruction number 2 does not describe the procedures the trial court would employ in the event a juror notified the court of personal knowledge about the case, the instruction in no way misstates the law. Rather, it emphasized that jurors must inform the bailiff privately of such knowledge at the earliest opportunity. And,

---

[5] The Indiana Jury Rules specify what instructions, at a minimum, a trial court must give. See Ind. Jury Rule 20 (regarding preliminary instructions); J.R. 26 (regarding final instructions).

of course, when the juror informs the bailiff that the juror has personal knowledge, that triggers the mandatory procedures discussed in Jury Rule 24; i.e., the court examines the juror and decides whether the juror must be excused.  Because Morton has failed to show that he incurred actual prejudice from the giving of instruction number 2, we hold the giving of that instruction was not fundamental error.

[14]     Finally, Morton maintains that the trial court erred when it failed to repeat preliminary instruction number 8 (regarding credibility of witnesses and weighing evidence) in the final instructions, citing Indiana Jury Rule 26. However, it is well-settled that instructions must be considered as a whole and in relation to each other.  *E.g., Pattison*, 54 N.E.3d at 365.  And the trial court made specific note of this principle in two separate final instructions.  The court gave final instruction 14, which is the pattern instruction stating that the jury must "consider all of the instructions [both preliminary and final] together." Appellant's App. Vol. II at 162.  In addition, the trial court gave the jury final instruction 13, which emphasized this principal more specifically and explicitly—noting the preliminary instructions regarding "issues for trial, the burden of proof, the credibility of witnesses, and the manner of weighing the evidence … should be considered by you along with the following final instructions in arriving at your verdict in this case."  *Id*. at 161.  Because the jury instructions, "considered as a whole, [did] not mislead the jury as to a correct understanding of the law[,]" *Dickenson*, 835 N.E.2d at 548-49, the trial

court did not fundamentally err when it did not repeat preliminary instruction number 8 in the final instructions.

# Conclusion

[15] Morton has failed to show that the trial court fundamentally erred in instructing the jury.

[16] Affirmed.

Crone, J., and Brown, J., concur.