Kenneth D. **McDONALD**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 20A03–8907–CR–321.

Court of Appeals of Indiana, Third District.

Dec. 12, 1989.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Kenneth D. McDonald appeals his conviction of Burglary, a Class D felony, presenting the following two issues[1] for our review:

I.    Whether the trial court erred by refusing to instruct the jury to exclude every hypothesis of innocence to convict by circumstantial evidence alone?

II.    Whether the evidence was sufficient to sustain McDonald's conviction?

Reversed.

On September 28, 1987, Officer Terry Alber arrived at the York Elementary School in response to its alarm system. When he arrived, he saw a car parked near the school. According to Alber, the hood was still warm when he arrived. After running a check on the license number, Alber saw Kenneth D. McDonald (McDonald) walking away from the school toward the parked car.

Officer Alber ordered McDonald to approach his squad car; during a pat-down search, Alber found a screwdriver, a prybar, a pair of scissors, and an audio jack. Additional officers arrived, and McDonald was taken to the police station. By this time, a school employee had arrived and opened the school for the officers. They discovered an open window in the music room; pry marks on this window matched McDonald's prybar.

McDonald gave a statement in which he stated that he had spent the night in his car and had entered the school to use the restroom. According to McDonald, he had entered through a north door, which had been left ajar. The supervisor of maintenance later testified that, while the custodian was to ensure that all the doors were closed pursuant to his routine check, if the north door was ajar or became ajar it would not register on the alarm system, as it was not equipped with an alarm.

Testimony of school personnel revealed that the scissors found on McDonald belonged to the music teacher. Additionally, the principal reported that $11.00 was missing from the teachers' lounge. At the sta-

---

**1.** The disposition of issue I makes it unneces-      sary for us to discuss issue II.

tion, an officer checked through the property collected from McDonald and reported a "large" amount of change. At trial, McDonald did not testify.

During the trial, McDonald's attorney requested the court to instruct the jury that they must exclude every reasonable hypothesis of innocence to convict the defendant by circumstantial evidence alone. The court refused the tendered instruction. McDonald now appeals that decision and also claims that the evidence was insufficient to support his conviction for burglary.

## I.

### Circumstantial Evidence Instruction

McDonald claims that the trial court erred by refusing his tendered instruction which stated that the jury must exclude every hypothesis of innocence in order to convict by circumstantial evidence alone. The State argues that McDonald waived this argument insofar as the instruction was neither signed nor numbered by McDonald or his attorney, purportedly contradicting Indiana law. In the alternative, the State argues that the instruction was covered by the other instructions given in this instance.

■ Contrary to the State's assertion, McDonald did not waive this issue. While the cases cited by the State at one time supported the requirements of the Indiana Code, these requirements are no longer in effect. The current statute reads:

If the prosecuting attorney, the defendant, or the defendant's counsel desires special instructions to be given to the jury, these instructions must be:

    (A) reduced to writing;

    (B) numbered;

    (C) accompanied by an *affixed cover sheet that refers to the instructions by number and that is signed* by the party, or his attorney, who is requesting the special instructions; and

    (D) delivered to the court;

before the commencement of the argument.... (Emphasis added.)

West's A.I.C. 35–37–2–2(6). This was the statute in effect at the time of McDonald's

trial. (P.L. 315–1985.) Consequently, those cases cited by the State, requiring that each individual instruction be signed, can no longer be relied upon.

Here, McDonald's attorney tendered a single instruction under a cover sheet which read as follows:

COMES NOW the defendant, KENNETH McDONALD, by counsel R. Brent Zook, and submits to the Court his instruction, to-wit: Circumstantial Evidence, which he proposes be read to the jury before submission of the case for deliberation.

Record, p. 33. This was in full compliance with the Indiana Code as it currently reads. Contrary to the State's assertion, under the new law, each individual instruction need not be signed. It is enough that the cover sheet be signed, as was done in this case. Additionally, while the State argues that the instructions were not numbered, we note that there was only one single instruction tendered. The cover sheet adequately noted this. To require the numbering of a single item would take the law to an extreme redundancy. Consequently, McDonald did not waive his argument concerning the tendered instruction.

■ When reviewing the refusal of a tendered instruction, this court must determine whether the tendered instruction correctly stated the law, whether the law, facts, and evidence of the case required the instruction, and whether the instruction was covered by those instructions actually given. *Adams v. State* (1989), Ind.App., 542 N.E.2d 1362, 1368. The instruction tendered by McDonald reads:

The Indiana Supreme Court has announced the rule that where the evidence of guilt before the jury is entirely circumstantial, special rules are established for the jury's guidance. It is not enough that the circumstances be consistent with the hypothesis of guilt; they must be of so conclusive a character, and point so surely and unerringly to the guilt of the accused, as to exclude every reasonable hypothesis of innocence.

Record, p. 34. Caselaw indicates that when circumstantial evidence is the only evidence before a jury, an instruction must be given indicating that every reasonable hypothesis of innocence must be excluded. *Myers v. State* (1989), Ind., 532 N.E.2d 1158, 1159. Thus, the instruction tendered by McDonald is a correct statement of the law.

 Additionally, when reviewing the instructions actually read to the jury, it is obvious, despite the State's assertion, that McDonald's tendered instruction is not covered. To support its argument, the State points to the following instruction given to the jury.

> Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true, conclusively establishes that fact.
>
> Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.
>
> An inference is a process of reasoning by which a fact sought to be established is deduced as a logical consequence from other facts already proved or admitted.
>
> It is not necessary that facts be proved by direct evidence. Both direct evidence and circumstantial evidence are acceptable as a means of proof. Neither is entitled to any greater weight than the other.

Record, p. 43. We cannot agree with the State's assertion that the above instruction is substantively the same as that tendered by McDonald. The above instruction does not instruct the jury to exclude every hypothesis of innocence in order to convict upon circumstantial evidence alone. Thus, the tendered instruction also passes the second prong of review: it is not covered by the instructions actually read to the jury.

 Finally, we look to whether the evidence supports the giving of the tendered instruction. At the time that McDonald was found walking away from the school, he had on his person several items ostensibly taken from the school. The scissors were positively identified as belonging to one of the teachers. However, while cir-

cumstantial evidence alone can support a conviction for burglary, *Jones v. State* (1985), Ind., 485 N.E.2d 627, 628, and the "mere unexplained, exclusive possession of recently stolen property" is enough to sustain a burglary, *Gibson v. State* (1989), Ind.App., 533 N.E.2d 187, 188, it is circumstantial evidence nonetheless. Consequently, McDonald was entitled to an instruction on the exclusion of every hypothesis of innocence before being convicted upon circumstantial evidence.

Accordingly, we remand to the trial court with instructions not inconsistent with this opinion.

Reversed.

HOFFMAN and SULLIVAN, JJ., concur.