**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 11 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GUY H. HASKELL**
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DENNIS YERK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 91A02-1111-CR-1056 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE WHITE SUPERIOR COURT
The Honorable Robert B. Mrzlack, Judge
Cause No. 91D01-1101-FD-8

**September 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Dennis Yerk appeals his conviction of killing a domestic animal, a class D felony.[1]

We affirm.

## ISSUES

1.      Whether the trial court abused its discretion in not giving Yerk's tendered self-defense instruction.

2.      Whether the trial court abused its discretion in not giving an instruction regarding circumstantial evidence.

3.      Whether the trial court placed Yerk in a position of grave peril by denying his motion for mistrial.

4.      Whether the State presented sufficient evidence to support the conviction.

## FACTS

On December 19, 2010, Paul Applegate, Jr. and others drove to a rural area in order to hunt coyotes.  Applegate and the others had previously obtained permission to hunt on a number of properties in this area; however, none of them had permission to hunt on Yerk's farm.  After Applegate spotted a coyote on property located between 1½ to 2½ miles of Yerk's farm, he released two dogs that were specifically trained to track coyotes.  Instead of heading south, as Applegate had expected, the dogs headed northwest, crossed a road, and entered Yerk's brother's field of standing corn that abutted Yerk's farm.

---

[1] Ind. Code § 35-46-3-12(d).

2

Yerk was working on farm equipment in a pasture north of his house when he heard barking from the direction of the cornfield. Yerk drove his vehicle to the cornfield, exited with his .22 caliber rifle in hand, and walked 150 feet from his vehicle to see what was happening. The barking dogs emerged from the cornfield approximately two hundred yards from where Yerk was standing. Yerk fired warning shots over the dogs' heads, and when they did not stop running, he fired shots at the dogs. Yerk fired multiple shots that severely injured the dogs, later recalling that he "kept shooting." (Tr. 168). Yerk then walked to within fifteen to twenty feet of the dogs and shot each dog in the head in order to kill them.

When Applegate arrived at the north side of the field, he saw his dogs lying motionless on the ground. Conservation Officer Clay Webb responded to a call, drove to Yerk's farm, and questioned both Applegate and Yerk.

On January 12, 2011, the State charged Yerk with killing a domestic animal. The jury found Yerk guilty of the charge, and the trial court sentenced Yerk to 1½ years, suspended to informal probation.

DECISION

1. <u>Self-Defense Instruction</u>

Yerk contends the trial court abused its discretion in not giving his tendered self-defense instructions. He argues that the trial court should have given his tendered instructions based on the "no retreat" provisions of self-defense against another person

3

rather than the self-defense instruction derived from the statute outlining the defense of reasonable conduct toward animals.

The purpose of an instruction is to inform the jury of the law applicable to the facts without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. *Fowler v. State*, 900 N.E.2d 770, 773 (Ind. Ct. App. 2009). Instructing a jury is generally within the discretion of the trial court and is reviewed only for an abuse of that discretion. *Cravens v. State*, 836 N.E.2d 490, 493 (Ind. Ct. App. 2005), *trans. denied.* In reviewing a trial court's decision to refuse a tendered jury instruction, we consider "(1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions which are given." *Id.*

Here, Yerk was charged with violating Indiana Code section 35-46-3-12(d), which provides in relevant part that a person "who knowingly or intentionally kills a domestic animal without the consent of the owner of the domestic animal commits killing a domestic animal, a class D felony."[2] Indiana Code section 35-46-3-12(e) provides it is a "defense to prosecution under this section" that the accused person "reasonably believes the conduct was necessary to prevent injury to the accused person or another person . . .

---

[2] "A 'domestic animal' means an animal that is not wild," and the term includes "dogs." I.C. § 35-46-3-12(d)(1).

4

or prevent a seriously injured vertebrate animal from prolonged suffering." In accordance with this defense, the trial court's instruction provided:

> It is a defense that the accused person reasonably believes the conduct was necessary to prevent injury to the accused person and/or to prevent a seriously injured vertebrate animal from prolonged suffering. The defendant has the burden to prove this defense by a preponderance of the evidence. You may not convict the defendant if the defendant has proved the following by a preponderance of the evidence: One, the defendant: two; reasonably believed his conduct was necessary to prevent injury to himself and/or to prevent a seriously injured dog or canine species from prolonged suffering. If the defendant proved all of these aspects of the defense by a preponderance of the evidence, you cannot find the defendant guilty of killing a domestic animal, a class D felony as charged.

(Tr. 211-12; App. 63).

Yerk's tendered instructions were derived from Indiana Code § 35-41-3-2(a)-(c), which generally provides that a person is justified in using reasonable force, including deadly force, against any other *person*." Indiana Code § 35-41-1-22 (now, I.C. § 35-31.5-2-234) defines a person as "a human being . . . ." Further, the term "animal" does not include a human being. I.C. § 35-46-3-3. Therefore, as there is no evidence in the record that the dogs shot by Yerk were anything but animals, the trial court did not err in refusing his proposed instruction; there was no evidence to support them.

2.    Circumstantial Evidence Instruction

Yerk contends that the trial court abused its discretion in not giving an instruction pertaining to circumstantial evidence. He argues that such an instruction is necessary because his conviction is entirely based on such evidence. He cites *Nichols v. State*, 591

5

N.E.2d 134 (Ind. 1992) and *McDonald v. State*, 547 N.E.2d 294 (Ind. Ct. App. 1989) for the proposition that he is "entitled" to the instruction.

Yerk failed to tender an instruction on circumstantial evidence at trial or object to the trial court's failure to give one *sua sponte*. These dual failures result in waiver of the issue on appeal. *See Franklin v. State*, 715 N.E.2d 1237, 1241 (Ind. 1999). Also, failure to give a circumstantial evidence instruction when one is not tendered is not fundamental error. *Id*. Furthermore, *Nichols* and *McDonald*, which involved the refusal of the trial court to give tendered circumstantial evidence instructions, are inapposite.[3]

3.    Motion for Mistrial

Yerk contends that the trial court abused its discretion in denying his motion for mistrial after the State allowed the jury to hear Yerk's statement made in a videotaped interview with police about a prior arrest. The trial court had earlier granted Yerk's motion in limine to require redaction of statements by Yerk related to bad acts. Although two or three similar statements were muted when the tape was shown to the jury, the statement referring to a prior arrest was not.

The denial of a motion for mistrial lies within the sound discretion of the trial court, and we review only for abuse of that discretion. *Lucio v. State*, 907 N.E.2d 1008,

---

[3] We are mindful that our Supreme Court has recently held that, where the conduct of the defendant constituting the commission of a charged offense is proven *exclusively* by circumstantial evidence, trial courts need to give an additional jury instruction advising the jury that proof by circumstantial evidence must be so conclusive and sure as to exclude every reasonable theory of innocence. *Hampton v. State*, 961 N.E.2d 480 (Ind. 2012). However, this case does not apply here because Defendant Yerk admitted shooting the dogs, and the rule was not in effect at the time of the trial.

1010 (Ind. 2009). The denial should be reversed only upon a showing that the defendant was placed in a position of grave peril to which he should not have been subjected. *Wilson v. State*, 865 N.E.2d 1024, 1027 (Ind. Ct. App. 2007). The declaration of a mistrial is an extreme action and is warranted only when no other action can be expected to remedy the situation. *Id.* A timely and accurate admonition to the jury is presumed to sufficiently protect a defendant's rights and remove any error created by the objectionable statement. *Alvies v. State*, 795 N.E.2d 493, 506 (Ind. Ct. App. 2003), *trans. denied*.

Here, Yerk attempts to show grave peril by pointing to the trial court's pretrial statement that "references of being arrested previously would be prejudicial." (Tr. 13). He also points to the trial court's statement regarding the admonishment that "Obviously, you hope the jury will abide by the [limiting] instruction. You never know how damaging this kind of reference is." (Tr. 149).

Yerk has not included a copy of the videotape in the record on appeal; therefore, we do not know the exact content of the statement he made in the videotape. The trial court did, however, view the videotape and assess its impact on the jury. Despite its prior statements, the trial court determined that the violation of the motion in limine was accidental and that an admonishment in the form of a limiting instruction, coupled with a general final instruction, would cure the error. Consequently, the trial court issued a limiting instruction stating, "Included in the audio statement you just heard, the defendant

7

made a reference to the fact that he had previously been arrested. The Court orders this reference stricken from the record. You are instructed to disregard it, and you must not consider it in making your decision." (Tr. 150). In its final instructions, the trial court also instructed the jury to disregard excluded testimony.

We agree with the trial court that the admonishment in the form of a limiting instruction, coupled with the final instruction, was sufficient to protect Yerk from grave peril. As our supreme court expressed in *Lucio*, "[a] clear instruction, together with strong presumptions that juries follow courts' instructions and that an admonition cures any error, severely undercuts the defendant's position." 907 N.E.2d at 1011.

4.    Sufficiency of the Evidence

Yerk contends that the State failed to present sufficient evidence to support his conviction. Our standard of review for sufficiency claims is well settled. In reviewing sufficiency of the evidence claims, this court does not reweigh the evidence or assess the credibility of witnesses. *Davis v. State*, 791 N.E.2d 266, 269 (Ind. Ct. App. 2003), *trans. denied*. Not only must the fact-finder determine whom to believe but also what portions of conflicting testimony to believe. *In re J.L.T.*, 712 N.E.2d 7, 11 (Ind. Ct. App. 1999), *trans. denied*. We consider only the evidence most favorable to the judgment, together with all reasonable inferences drawn therefrom. *Davis*, 791 N.E.2d at 269-70. The conviction will be affirmed if there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id*. at 270. Reversal is appropriate "only when

8

reasonable persons would not be able to form inferences as to each material element of the offense." *Alvies*, 905 N.E.2d at 61.

A conviction may rest on circumstantial evidence alone. *Peters v. State*, 959 N.E.2d 347, 355 (Ind. Ct. App. 2011). Circumstantial evidence does not need to overcome every reasonable hypothesis of innocence. *Id.* It is sufficient if an inference drawn from the circumstantial evidence reasonably tends to support the conviction. *Id.*

In the absence of the statutory defense, the State proves killing a domestic animal by showing that the defendant knowingly or intentionally killed the animal without the owner's consent. I.C. § 35-46-3-12(d). Here, Yerk admitted that he knowingly and intentionally killed Applegate's dogs. Furthermore, Applegate testified that he did not consent to the killing, testimony to which Yerk does not object. The issue, then, is whether Yerk reasonably believed that it was necessary to protect himself by killing the dogs.

Our review of the evidence shows that Yerk began shooting at the dogs when they were 200 yards away and Yerk was 150 feet from his truck. The evidence also shows that the dogs were shot several times and were severely disabled before Yerk approached and shot them in the head. The jury could have concluded that rather than shooting at the dogs, Yerk could have simply returned to his vehicle and waited for their owner to arrive on the scene. The jury also could have concluded that Yerk was not truthful in claiming that the dogs were attempting to attack him. It could have believed Applegate's

9

testimony that hunting dogs were nonviolent around people, including young children and pets, because private property owners would not allow hunters on their property if the hunters' dogs were too aggressive. Yerk is asking us to reweigh and reassess the evidence, which we will not do.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.